IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01406-PSF-MEH

DEBRA A. BENTON,

      Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS, County of Adams, Colorado,

      Defendant.

---

## ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

---

Plaintiff has moved to compel discovery of certain documents (Docket #46). For the following reasons, the Court **grants in part** and **denies in part** the Motion to Compel.

The first category of documents sought by Plaintiff is personnel files of four individuals employed by the Defendant. In its response, Defendant has not objected to production of these files and, indeed, states that it provided Plaintiff's counsel with copies of the personnel files. Plaintiff contends that the records that were provided were incomplete. Because Defendant does not raise an objection, the Court will require the entire *relevant* contents of the four personnel files to be produced. The relevant portions include documents concerning hiring, advancement or demotion, performance, job titles, job descriptions, pay raises, and discipline. Defendant may exclude or redact personal information such as fringe benefits (life, health or disability insurance, survivor elections, retirement, leave, etc.), Social Security numbers, and similar information. The parties should submit an appropriate Protective Order to address any confidentiality concerns, prior to the production of these documents.

The second category of documents sought is broadly worded as "documents related to *Kahle v. Adams County*, No. 04-cv-01536- LTB-CBS."  The Plaintiff refers to both Plaintiff's Request for Production No. 9 and Plaintiff's Supplemental Request for Production No. 1.  With regard to Request for Production No. 9, the Court grants the Motion to Compel.  Defendant must produce documents in its files, other than documents *created for or in connection with defending* Civil Action No. 04-cv-01536, relating to complaints of wrongful termination, wage disputes, defamation, torts, or discrimination or harassment.  The fact that such documents, which otherwise exist in Defendant's business records, may also have been produced in a prior lawsuit does not immunize them from discovery here.  However, with regard to Supplemental Request for Production No. 1, the Court will not require the production of any documents actually designated as confidential in the *Kahle* case, nor any privileged documents.  The court that entered the protective order in that case has jurisdiction to address the issue of production of confidential documents.

Here, the Court will order production of the following specified documents requested by the Plaintiff: affidavits, deposition exhibits, responses to discovery requests, and declarations.  Plaintiff must order deposition transcripts through, and pay a reasonable fee to, any court reporter who transcribed a deposition (and Defendant should cooperate in that process).  Further, Plaintiff may obtain from the public record "motions, orders, pleadings or other court filings."  Finally, the Court finds as vague and overly broad the terms "statements, correspondence, emails, notes, videotapes, audiotapes, CDs or DVDs" and will not grant the motion to that extent.

The last category of documents amounts to one privileged communication between Defendant LeFebvre and his counsel.  The Court is not persuaded by Plaintiff's waiver arguments and will not order the production of this privileged communication.

3

Dated at Denver, Colorado, this 16th day of July, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge