IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01406-PSF-MEH

DEBRA A. BENTON,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS, County of Adams, Colorado,

    Defendant.

_____

**ORDER ON PLAINTIFF'S MOTION TO AMEND FINAL PRETRIAL ORDER**
_____

Before the Court is Plaintiff's Motion to Amend Final Pretrial Order [Docket #81]. The matter is briefed and has been referred to this Court for resolution [Docket #82]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motion to Amend.

**I.  Background**

This case was filed on July 19, 2006, and the discovery period closed on May 31, 2007. The Final Pretrial Order was entered in this case on August 31, 2007. A jury trial is set for February 4, 2008. Plaintiff now seeks to amend the Final Pretrial Order to permit her to take two depositions.

**II.  Discussion**

    **A.  Legal standard for amending the Final Pretrial Order**

The Final Pretrial Order serves the purpose of "insur[ing] the economical and efficient trial of every case on its merits without chance or surprise." *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987). To that end, the Federal Rules of Civil Procedure allow for the amendment of a Final Pretrial Order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The party seeking

the amendment bears the burden of establishing that manifest injustice will occur without the amendment. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). The decision to allow such an amendment rests within the sound discretion of trial court. *Roberts v. Roadway Express*, 149 F.3d 1098, 1107 (10th Cir. 1998). In exercising that discretion, the Court is guided by the following factors:

> (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order.

*Koch*, 203 F.3d at 1222, 1222 n.10 (listing factors which the court of appeals should consider to determine whether a trial court has abused its discretion and noting that the trial court need not consider each factor). As far as preventing manifest injustice, the Tenth Circuit has had this to say about that term: "[W]e are inclined to agree with Justice Scalia's criticism that 'manifest injustice' means 'almost anything' and is in fact nothing more than 'a surrogate for policy preferences." *DeVargas v. Mason & Hanger-Silas Mason Co., Inc.*, 911 F.2d 1377, 1389 n.10 (10th Cir. 1990) (referring to the term in the criminal justice context). However, in commenting upon specific facts presented to it which one party alleged to satisfy the "manifest injustice" standard, the court stated: "Indeed, 'if the evidence or issue was within the knowledge of the party seeking modification [of the pretrial order] at the time of the [pretrial] conference . . . then it may not be allowed.'" *Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993) (quoting 6A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1527, at 287-89 (1990)). Thus, while it cannot be said that such prior knowledge constitutes bad faith as that term is commonly used, failure to include material within the party's knowledge can constitute a lack of good faith for seeking the

modification at a later date.

### B.     The Amendments Sought

Plaintiff seeks to take the depositions of two witnesses, Mary Ann Record and Sandy Brookman. Plaintiff alleges that in its initial disclosures, Defendant identified as persons likely to have discoverable information "all other individuals whose names appear in the documents and/or categories of documents identified or otherwise referred to in Section B below."[1]  This is a woefully inadequate disclosure. Unfortunately for Plaintiff, the Defendant later supplemented its disclosures and specifically identified *only* the names of Record and Brookman, on February 22, 2007. Plaintiff argues that until she received certain documents in August 2007, which the Court compelled Defendant to produce, she did not know the importance of Record and Brookman as witnesses. She states that Record's and Brookman's names appear over 100 times in the 1200 documents that were produced in compliance with the motion to compel.

Defendant does not argue prejudice, any inability to cure potential prejudice, disruption to the trial, or bad faith by Plaintiff (other than misleading or false statements the Plaintiff allegedly makes in the Motion to Amend). Likewise, the Court does not find that any of those elements would necessarily prevent the modification requested here. Defendant does argue that the Plaintiff had all the information she needed prior to the close of discovery in order to understand the relevance of these two witnesses, including Plaintiff's own knowledge of the witnesses' involvement in the facts of this case, since the witnesses were Plaintiff's co-workers. More importantly, a point that Defendant does not argue is that Defendant identified only four potential witnesses for trial in the

---

[1] The only names Defendants specifically disclosed were the Plaintiff and former Defendant Lefebvre.

August 31, 2007 Pretrial Order: Plaintiff, former Defendant Lefebvre, Record, and Brookman. These are the only four witnesses Defendant specifically identified in its Rule 26 disclosures. Yet, this motion was not brought until nearly two months after entry of the Pretrial Order and more than two months after the draft Pretrial Order was submitted to the Court.

The Court feels constrained by Tenth Circuit precedent to deny the motion here. The issue of the relevance of Record and Brookman to this case was certainly within the knowledge of the party seeking modification of the Pretrial Order at the time of the Pretrial Conference. In fact, Plaintiff had a draft of the Pretrial Order (listing Record and Brookman as witnesses) no later than August 23, 2007, a week before the Pretrial Conference, and she could have requested the discovery sought herein at the Pretrial Conference. With such a clear statement of law from the *Joseph Mfg. Co., Inc.* panel, I believe it could constitute reversible error to permit the amendment here. Moreover, to the extent that the concept of manifest injustice involves a denial of a party's right to a fair trial, Plaintiff's current predicament would not fit that category. Plaintiff has, by her own count, over 100 references to these witnesses in the documents that were allegedly provided late. This should afford ample cross-examination material for trial. Plaintiff also has direct knowledge of Record's and Brookman's conduct through her own direct interactions with -- and perception of -- them at work. These witnesses will be available to testify at trial; Plaintiff simply will not have the benefit of sworn deposition testimony to rely upon in examining them. Finally, to the extent that Record and Brookman are not current supervisors with Defendant, it appears from the Colorado Rules of Professional Conduct and certain advisory opinions thereunder that Plaintiff's counsel may ethically

seek their voluntary cooperation in interviewing them.[2]

### III.  Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Amend Final Pretrial Order [Filed October 24, 2007; Docket #81] is **denied**.  This amendment is not necessary to prevent manifest injustice given Plaintiff's prior knowledge of this information and her ability to still present the relevant testimony at trial.

Dated at Denver, Colorado, this 9th day of November, 2007.

>BY THE COURT:
>
> s/ Michael E. Hegarty
>Michael E. Hegarty
>United States Magistrate Judge

---

[2] Although the current motion seeks to amend the Pretrial Order, even if Plaintiff had sought to amend the Scheduling Order, which has a less stringent standard, I would not find on this record that good cause for such an amendment has been established, when viewed under the reasonable diligence requirement.