IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06-cv-01406-EWN-MEH

DEBRA BENTON,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS, County of Adams, Colorado,
JOHN LEFEBVRE, as the County Treasurer of Adams County, Colorado,

    Defendants.

---

## ORDER ON PLAINTIFF'S MOTION TO AMEND JUDGMENT

---

This matter is before the Court on Plaintiff's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) (Doc. # 91), filed on November 29, 2007. Plaintiff seeks reconsideration of this Court's November 14, 2007 order (Doc. # 87) granting defendants' motion for summary judgment on plaintiff's claim that she was terminated from her employment in retaliation for exercising her First Amendment rights.

A motion to reconsider under F.R.Civ.P. 59(e), *i.e.*, a motion to alter or amend the judgment, is appropriate on the following grounds: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Therefore, a motion to reconsider "is appropriate where the court has misapprehended the facts, a party's position, or

the controlling law." *Id.* However, a motion to reconsider is not to be used as a vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citation omitted).

Plaintiff contends that this motion is her first opportunity to argue that her refusal to testify before the General Assembly in support of a bill sponsored by Defendant LeFebvre was a substantial motivating factor in her termination, as defendants never made a contrary argument in their motion for summary judgment. However, plaintiff expressly argued in her opposition to defendants' motion that LeFebvre's behavior toward her following her refusal to testify constituted one of the bases of her First Amendment claim. Pl.'s Opp. (Doc. # 76) at 2–3. Moreover, defendants expressly argued in their reply brief that there was no rational relationship between Benton's refusal to testify and her termination. Def.s' Reply (Doc. # 80) at 7–8. To the extent defendants raised new arguments in their reply, plaintiff could have moved for leave to file additional briefing to address those arguments, but did not do so.

Plaintiff also complains that she was not given an opportunity to argue the issue of whether the difference between the amount of plaintiff's raises in 2003 and 2004 was sufficient to support an inference of retaliation. However, the Court addressed this issue in its prior order because plaintiff *did* argue the significance of the fact that she was not given a merit increase in 2004. Plaintiff argues that, since returning to work at the Adams County Treasurer's Office in 1997, she received a merit increase every year except 2004, and the 2004 raise was the smallest percentage increase of any year. Again, plaintiff could have cited such evidence in support of her opposition to the summary judgment motion, but chose not to. Moreover, the evidence does not

2

fully support this argument, as plaintiff received an annual raise of 4% or less several times before 2004. *See* Ex. 1 to Pl.'s Mot. at 36, 40, 42.

The remainder of plaintiff's motion consists of arguments that either have already been addressed or could have been raised in plaintiff's prior briefing. Such arguments do not constitute an appropriate basis on which to amend the judgment. Accordingly, Plaintiff's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) (Doc. # 91) is DENIED.

DATED: February 20, 2008.

BY THE COURT:

s/ Edward W. Nottingham
Edward W. Nottingham
Chief United States District Judge